UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-19-719-S2 |
| | § | |
| CHARLES MCCREARY, ET AL. | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION IN LIMINE AND OFFER TO STIPULATE**

The United States of America, by and through Jennifer B. Lowery, United States Attorney for the Southern District of Texas, Kimberly A. Leo and Sherri L. Zack, Assistant United States Attorneys, and James E. Burke IV, Trial Attorney, Criminal Division, Child Exploitation and Obscenity Section, files this response to the Defendant Matthew Dowell's motion in limine and offer to stipulate.

**FACTS**

This case involves an investigation that began in 2017 into three Protocol A[1] networks hosting numerous chat rooms dedicated to advertising and distributing child pornography. The three networks are governed by network-level administrators and chat room-level administrators. The first network, Network 1, is one of the largest

---

[1] All network, chat room, and usernames in this response are being anonymized in order to protect the ongoing investigation.

1

Protocol A networks in existence, and it is monitored by several members of the public. In or about July 2018, the network administrators of Network 1 began closing the rooms on it that were dedicated to trafficking in child exploitation material in order to purge that material from their network. The administrators of the contraband on Network 1 thereafter recreated those rooms on a new Protocol A network, Network 2. In or about February 2019, the administrators left Network 2 and recreated the child exploitation trafficking chat rooms on a new network, Network 3.

Homeland Security Investigations (HSI) Special Agent (SA) Joshua Conrad created an undercover identity to investigate these Protocol A networks. During his investigation, SA Conrad identified the real-world identities of numerous of these network administrators. He used this, and other, information to obtain numerous search warrants for their various residences. Many of the offenders made incriminating admissions during interviews with law enforcement subsequent to the execution of these warrants. Using the information he obtained via his investigation, the evidence uncovered subsequent to executions of these search warrants, and the incriminating statements made by the various targets, twelve men were indicted for their roles in this conspiracy.

## PROCEDURAL HISTORY

On September 25, 2019, a federal grand jury returned an indictment charging

six defendants, Charles McCreary, Jr. ("McCreary"), Christopher McIntosh ("McIntosh"), Jason Brown ("Brown"), Michael Goodwin ("Goodwin"), Matthew Dowell ("Defendant") and Scot Fucito ("Fucito") with one count of conspiracy to receive and distribute child pornography.   On July 1, 2020, a federal grand jury returned a second superseding indictment against McCreary, McIntosh, Brown, Goodwin, the Defendant, Fucito, William Andrew Delboy ("Delboy"), Scott Carroll ("Carroll"), Patrick W. Kelly ("Kelly"), Craig Jorgensen ("Jorgensen"), Joseph Cohen ("Cohen") and a twelfth defendant who has yet to be arrested and whose name is still under seal.   In Count One of the second superseding indictment, all of the defendants are charged with conspiracy to receive and distribute child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).   In Count Two of the second superseding indictment, all the defendants except Fucito, are charged with conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d) and (e).   In Counts Three and Four, McCreary and Jorgensen are charged with penalties for a registered sex offender in violation of 18 U.S.C. § 2260A, respectively.

McIntosh, Brown, Goodwin, Fucito, Delboy, Carroll, and Kelly have pleaded guilty.   The remaining four set to go to trial are McCreary, the Defendant, Jorgensen, and Cohen.

The Defendant filed a Motion in Limine and an offer to stipulate.   Dkt. 366.

3

The Defendant objects to the admission of images and videos of child pornography and offers to stipulate to the child pornography.   The Defendant further objects to the Government's exhibits pertaining to McCreary and Jorgensen's prior convictions for sex offenses and their sex offender registration.   The Defendant objects to the admission of McCreary's recorded statement and jail call.   The Defendant objects to the Government's exhibits which are screenshots taken by SA Conrad.   The Defendant objects to any codefendant's statement in furtherance of the conspiracy. Finally, the Defendant reiterates his previously denied motion to sever.

<strong><u>GOVERNMENT'S RESPONSE</u></strong>

### 1.  **Government's Exhibit 513A-C**

The Defendant objects to the admission of Government's Exhibit 513A-C under Fed. R. Evid. 403.   The Defendant argues that its probative value is substantially outweighed by the dangerous, extreme, and unfair prejudice of the nature of the evidence.   Further, the Defendant objects to the introduction of more than one image of child pornography because to do so would be cumulative. Instead, the Defendant offers to stipulate that the three images in Government's Exhibit 513A-C meet the federal definition of child pornography.

The fact that there was child pornography found on the Defendant's electronic devices is relevant, is necessary to prove the elements of the offense, and its probative

value is not outweighed by any unfairly prejudicial effect.   After agents executed a search warrant at the Defendant's residence, they seized multiple electronic devices and performed forensic examinations on those devices.   A total of 18 images and 1 video of child pornography was found on the Defendant's Acer Aspire 5336 Laptop, a Seagate 40GB hard drive and an HGST hard drive.   The child pornography is admissible under Rules 401, 402, and 403 as essential evidence of the crimes with which the Defendant is charged.

The Defendant is charged with conspiracy to receive and distribute child pornography in violation of 18 U.S.C. § 2252A (a)(2) and (b)(1) and conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d) and (e).   Pursuant to 18 U.S.C. § 2252A(a)(2), the Government must prove that the Defendant knowingly conspired to receive or distribute any child pornography or any material containing child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.   Pursuant to 18 U.S.C. § 2251(d) and (e), the Government must prove that the Defendant did knowingly conspire to make, print or publish, or cause to be made, printed or published, any notice or advertisement seeking or offering to receive, exchange, buy, produce, display, distribute or reproduce, any visual depiction, the production of

which visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; knowing or having reason to know that such notice or advertisement would be transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or such notice or advertisement was transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.   The Court should admit the images from the Defendant's collection of child pornography as direct, relevant evidence that proves the crimes with which the Defendant is charged.

The Government does not intend to publish to the jury all of the child pornography that was found on his devices, rather only a small subset.   Further, the images will only be shown to a jury for a few seconds—just enough time for them to be able to make the determination that the images are in fact child pornography because that is relevant evidence of the crimes that the Defendant is charged with.

Although the Defendant is offering to stipulate to the child pornography, the Government does not wish to enter such stipulation and is not legally required to. The prosecution is entitled to choose how to prove its case and a defendant may not stipulate his way out of the full evidentiary force of the government's case against

6

him. *See, e.g.*, *Old Chief v. United States,* 519 U.S. 172, 186-87 (1997).   A prosecutor's choice will generally survive a Rule 403 analysis when a defendant seeks to force the substitution of an admission for evidence creating a coherent narrative of his thoughts and actions in perpetrating the offense.   *Id.* at 192.

In *United States v. Caldwell*, the Fifth Circuit explained that "child pornography is graphic evidence that has force beyond simple linear schemes of reasoning. It comes together with the remaining evidence to form a narrative to gain momentum to support jurors' inferences regarding the defendant's guilt." 586 F.3d 338, 343 (5th Cir. 2009).   The Court went on to explain that jurors expect a narrative will unfold in the courtroom and may well punish with a negative inference the party who did not present the evidence.   *Id.*

## 2. Government's Exhibits 209, 306, 407, 709, 811 and other exhibits of child pornography seized from co-defendants that are not on trial

The Defendant objects to the admission of Government's Exhibits 209, 306, 407, 709, 811 and other exhibits which either child pornography or visual depictions of sexually explicit conduct of minors seized from codefendants who are not on trial. The Defendant argues that he is not in the position to challenge the validity or the nature of the evidence seized from the pleaded codefendants' cases.   Instead, the Defendant would stipulate that the visual depictions are either child pornography or of sexually explicit conduct of minors found on the codefendants' computers.

7

The Defendant and codefendants were charged with conspiracy to receive and distribute child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) and conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d) and (e).   Therefore, all of the codefendants' personal collections of child pornography are highly relevant, probative evidence of their ability to conspire to distribute and advertise child pornography and of the fact that they had in fact received it, regardless of whether they had entered guilty pleas or if they are proceeding to trial.   Further, there were images and videos found in some of the codefendants' collections that had been posted in the networks in furtherance of the conspiracy, as well as links which were posted in the networks found in some of the codefendants' web histories.   This demonstrates the aims of the conspiracy, the connection between the offenders, and shows how child pornography is spread between network members.

Even though the Defendant is offering to stipulate to the fact of the child pornography, the Government, as argued above, does not wish to enter into such stipulation and is not legally required to do so.

3. **Government's Exhibits 108, 114, 121, 122, 124, 1011, 1013, 1014, 1107(A-C) and other exhibits of child pornography, or prior convictions, or sex offender registration requirement of co-defendants going to trial**

The Defendant objects to the admission of Government's Exhibits 108, 114, 121, 122, 124, 1011, 1013, 1014, 1107A-C and other exhibits which are child

pornography or visual depictions of sexually explicit conduct of minors, the prior convictions and the sexual registration documents of McCreary and Jorgensen. Instead, the Defendant would stipulate to the fact that either child pornography or visual depictions of children engaged in sexually explicit conduct were found on McCreary, Jorgensen, and Cohen's electronic devices.   Further, the Defendant has offered to stipulate that McCreary and Jorgensen were required to register as sex offenders.

The Government reiterates its argument discussed above regarding the admissibility of the child pornography found on McCreary, Jorgensen and Cohen's electronic devices and its position declining to stipulate to the child pornography.

Regarding the evidence pertaining to McCreary and Jorgensen's prior convictions (Government's Exhibit 114 and 1013), the Government asserts that such evidence is admissible as intrinsic evidence and/or 404(b) evidence and would incorporate its arguments from its Notice of Intent to Admit Intrinsic and 404(b) Evidence. *See* Dkt. 268.

In order to prove Counts Three and Four, the Government must introduce evidence that McCreary and Jorgensen committed Count Two, Conspiracy to Advertise while being required to register as a sex offender (Government's Exhibits 124 and 1014).

As with the offer to stipulate to McCreary and Jorgensen's prior and sex offender registration requirement, the Government declines.

### 4. **Government's Exhibit 107 and 125**

The Defendant objects to the admission of Government's Exhibits 107 and 125. Government's Exhibit 107 is the recording of a portion of McCreary's post-*Miranda* statement to law enforcement. Government's Exhibit 125 is a portion of a jail call between McCreary and his sister. The Defendant argues that if McCreary does not testify and his statement comes in at trial, there will be a *Bruton* issue since he will not be able to cross-examine McCreary.

The Government recognizes that in *Bruton v. United States*, 88 S.Ct. 1620 (1968), the Supreme Court found that the admission of a codefendant's confession that directly implicated a codefendant during a trial did prejudice that defendant because it infringed upon his right to cross examination. This decision was refined by the Court in *Richardson v. Marsh*, 107 S.Ct. 1702 (1987), when the Court distinguished *Bruton* and found that a *Bruton* problem did not exist when a codefendant's statement admitted in trial only inferentially implicates the defendant and became incriminating only when linked with other evidence at trial. *Id.* at 1708. The Court in *Richardson* found that, in this sort of instance, a cautionary instruction by the trial court would be sufficient to protect the interests of the complaining

10

codefendant.

The Fifth Circuit also recognizes this distinction and has said that the trial court must exclude confessions *only* when they directly implicate the complaining codefendant and may allow confessions even when the evidence makes it apparent that the complaining codefendant is implicated by some indirect reference. *United States v. Greer*, 939 F.2d 1076, 1096 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 1390 (1993) (finding admissible, in a hate crime trial involving a gang called the 'Hammerskins,' a codefendant's statement that he was accompanied on sprees of vandalism by other Hammerskins);   *United States v. Espinosa-Seanez*, 862 F.2d 526, 534 (5th Cir. 1988) (finding admissible a codefendant's statement that he was to make a call and go meet a man to help him in transporting and distributing the drugs found admissible); *United States v. Basey*, 816 F.2d 980, 1004-05 (5th Cir. 1987)   (finding admissible a codefendant's statement that described the drug trafficking organization, the time period within which the organization operated and described a ground crew of 7-8 people involved in the organization); *United States v. Muro*, 537 F.2d 1339 (5th Cir. 1976) (finding admissible a codefendant's statement that he was the lookout and was to be paid $500); *United States v. Hicks*, 524 F.2d 1001, 1003 (5th Cir. 1975), *cert. denied*, 96 S.Ct. 1417 (1976) (finding admissible, in a bank robbery case, a codefendant's statement that the stolen money was divided four ways).   The Court

found that these types of statements did not directly implicate the codefendants, involved little prejudice to the codefendants and that cautionary instructions were sufficient.

The Government acknowledges that certain portions of Government's Exhibit 107 would have to be redacted to avoid a *Bruton* issue (2:13-2:59 and 3:05-4:09) because it relates to the Defendant.   However, the remainder of the recording is admissible.

Government's Exhibit 125, the portion of the jail call between McCreary and his sister in which McCreary admits his culpability, does not pose a *Bruton* issue. McCreary's admission of guilt to his sister does not implicate anyone other than himself.   McCreary's admission does not reference nor comment on the Defendant's conduct or culpability and is admissible.

**5. <u>Government's Exhibit 109, 119, 515, 516, 518, 523, 1112, 1301, 1302 and other screenshots</u>**

The Defendant objects to the admission of Government's Exhibits 109, 119, 515, 516, 518, 523, 1112, 1301, 1302 and other screenshots taken during SA Conrad's investigation or joint preparation for trial with other agents or AUSAs.

Federal Rule of Evidence 901 provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it

is." Fed. R. Evid. 901(a).   To submit a piece of evidence to the jury, a judge must decide that the proponent of the evidence made "a prima facie case that the proffered evidence is what it purports to be." *United States v. Broomfield*, 591 Fed. App'x. 847, 851 (11th Cir. 2014) (citing *United States v. Belfast*, 611 F.3d 783, 819 (11th Cir. 2010)); *United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012) ("Only a prima facie showing of genuineness is required.")   After a judge rules the proponent met this low burden, the "ultimate question of its reliability is reserved for the fact finder." *Broomfield*, 591 Fed. App'x. at 851; *Fluker*, 698 F.3d at 999 ("[T]he task of deciding the evidence's true authenticity and probative value is left to the jury.").

The Government will offer Government's Exhibits 119, 515, 516, 518, 523, 1112, 1301 and 1302 through the witness who created those exhibits, HSI SA Conrad. SA Conrad will testify that he created most of these screen captures (still photos and video recordings) contemporaneous to his investigation and has reviewed them prior to trial. The Defendant's arguments about screenshots being somehow materially different from photographs are frivolous and should be dismissed out of hand.

The Government will offer Government's Exhibit 109 through HSI SA Jeffrey Chappell who is the individual who created the forensic report (Government's Exhibit 104) of the Samsung tablet (Government's Exhibit 101).   SA Chappell will testify as to how he forensically examined the tablet and created the report.

13

6. <u>**Communications or statements between codefendants or third parties**</u>

The Defendant objects to the admission of any communication or statement between codefendants and other third parties without first establishing their authentication, qualification, and admissibility under Federal Rules of Evidence 801. Further, the Defendant is requesting a *James* hearing pursuant to *United States v. James*, 590 F.2d 575, 581 (5th Cir. 1979).

Under Federal Rule of Evidence 801(d)(2)(E), a statement is not hearsay if it is offered against a party and was made by the party's coconspirator during and in furtherance of the conspiracy.   This case involves a conspiracy in which the Defendant and codefendants committed two different crimes: the conspiracy to receive and distribute child pornography; and the conspiracy to advertise child pornography.   The Defendant and codefendants communicated with each other about their conduct, which involved creating, maintaining, and operating chat rooms on different networks that would allow themselves and others to post links of child pornography which in turn would allow the users of the chat rooms to receive and distribute child pornography.   Thus, their statements made in furtherance of these crimes are plainly admissible under this rule.   The vast majority of the statements are contained in the logs of their chats, which are contained in Government's Exhibits 1202-1216.   The other statements would be admitted through the testimony of any

of the codefendants, and summaries of their statements have been provided to the Defendant as discovery.

Because the Defendant is objecting to these statements, the Government must prove that they were made in furtherance of the conspiracy by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 181 (1987). However, the Court can carry the *James* motion through trial or at least through the presentation of the Government's case in order to make the determination of the existence of the conspiracy and that the statements sought to be introduced were made during and in furtherance of that conspiracy. *United States v. Fragoso*, 978 F.2d 896, 900 (5th Cir. 1992).

## 7. <u>Motion to Sever</u>

If the Court finds that the Government's Exhibits objected to in Paragraphs 2 through 4 are admissible, the Defendant is reiterating his motion to sever due to the evidence being somehow unfairly prejudicial. Judge Hittner heard arguments on this issue and rejected them.

Rule 8(b) states that an indictment may charge "2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b) According to the Supreme Court, there "is a preference in the federal system for joint

15

trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (internal citations and quotation marks omitted). The Supreme Court also found that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about the guilt or innocence." *Zafiro v. United States*, 113 S.Ct. 933, 938 (1993).

The Fifth Circuit concurs in this analysis. "Generally, defendants charged in a single indictment should be tried together." *United States v. Ellender*, 947 F.2d 748, 754 (5th Cir. 1991). "Joinder of defendants is particularly appropriate when conspiracy is one of the charges." *Id.* "Federal Rules of Criminal Procedure Rule 8(b) is to be broadly construed in favor of initial joinder." *United States v. Piaget*, 915 F.2d 138, 142 (5th Cir. 1990). "[A] charge of conspiracy initially legitimizes joinder of all defendants." *United States v. Harris*, 932 F.2d 1529, 1534 (5th Cir. 1991), *cert. denied sub nom.*, 112 S.Ct. 324 (1991). Accordingly, the defendants are properly joined under Rule 8(b) as they are alleged to have participated in a conspiracy to advertise, receive, and distribute child pornography.

16

"Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id*. For a trial to be severed on the basis of mutually antagonistic defenses, the defenses must be "antagonistic to the point of being mutually exclusive." *United States v. Long*, 894 F.2d 101, 106 (5th Cir. 1990) (quoting *United States v. Berkowitz*, 662 F.2d 1127, 1133 (5th Cir. 1981)). The defendant's theory in *Zafiro* was that "when two defendants both claim they are innocent and each accuses the other of the crime, a jury will conclude (1) that both defendants are lying and convict them both on that basis, or (2) that at least one of the two must be guilty without regard to whether the Government has proved its case beyond a reasonable doubt." *Zafiro v. United States*, 113 S.Ct. at 938. Some of the defendants in *Zafiro* took the stand and testified to their lack of knowledge of the drug conspiracy and that their actions were innocent of any criminal intent or purpose. Other defendants did not take the stand, but their attorneys argued their lack of knowledge or intent. The Supreme Court said that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id*. The Court added that it saw "no reason why relevant and competent testimony would be prejudicial merely because the witness is also a codefendant." *Id*. The Court found that proper jury instructions cured any risk of prejudice from the concern voiced by the defendants in (2) above.

17

*Id*. at 939.

Finally, the prejudicial impact of any evidence not admissible against any defendant would be minimized by curative instructions.   Where a particular item of evidence or testimony is not admissible as to a particular defendant, the trial court should give cautionary instructions during the trial about the limited admissibility of the evidence and should instruct the jury to consider each count and the evidence against each defendant separately.   *United States v. Harris*, 932 F.2d at 1535; *United States v. Rocha*, 916 F.2d 219, 228 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2057 (1990);   *United States v. Piaget*, 915 F.2d at 142;   *United States v. Williams*, 809 F.2d 1072, 1084-85 (5th Cir. 1987), *cert. denied*, 108 S.Ct. 228 (1987);   *United States v. Merida*, 765 F.2d at 1219.   In *Harris,* the Court found that instructing the jury to consider the evidence of guilt separately as to each defendant neutralized any prejudicial effect against a codefendant.   *Id.*   Moreover, separate trials would involve a large amount of overlapping evidence and would unduly burden judicial resources.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government requests that the Court deny the Defendant's Motion in Limine.

Respectfully submitted,

JENNIFER B. LOWERY
United States Attorney

*s/ Kimberly Ann Leo*

Kimberly Ann Leo
Sherri Zack
Assistant United States Attorney
James E. Burke IV
Trial Attorney
713-567-9465

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's Response to the Defendant's Motion in Limine was delivered by email to the defendant's attorney, Michael DeGeurin, on this the 13th day of May, 2022.

*s/ Kimberly Ann Leo*
Kimberly Ann Leo
Assistant United States Attorney

20